IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DAMION D. FLOWERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:19-cv-682-N-BN |
| | § | |
| ADVANTAGE RESOURCES, | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Damion D. Flowers's *pro se*, ostensibly employment-related action has been referred to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference from United States District Judge David C. Godbey. The Court granted Mr. Flowers leave to proceed *in forma pauperis* ("IFP") and issued a notice of deficiency regarding the complaint as filed [Dkt. No. 7] (the "NOD"). And he responded to the NOD by filing an amended complaint. *See* Dkt. Nos. 13 & 14. The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons explained below, the Court should dismiss this action with prejudice.

**Applicable Background**

Mr. Flower's original complaint alleged, in full, "Racial discrimination and discrimination. ... Reason I'm unemployed and can't work 2 surgeries. Ran into by a 18 wheeler. Another car accident." Dkt. No. 2 at 1-2. And it included a Notice of Right to Sue issued by the Equal Employment Opportunity Commission ("EEOC"). *See id.* at

3-5. This filing prompted the undersigned to issue the NOD, which informed Mr.

Flowers:

> This order is entered to notify Plaintiff of certain deficiencies in the complaint as filed that must be remedied no later than **April 22, 2019** to allow this action to proceed.
>
> The Court further notifies Plaintiff that failure to comply with this order by filing an amended complaint will result in a recommendation that this action be dismissed. *See* FED. R. CIV. P. 41(b).
>
> As filed, Plaintiff's complaint consists of a Notice of Right to Sue issued by the Equal Employment Opportunity Commission and alleges "Racial discrimination and discrimination" but lacks facts to support a claim of discrimination, instead asserting that Plaintiff cannot work because he was in an automobile accident. *See* Dkt. No. 2. The complaint does not therefore comply with the applicable pleading standards.
>
> Federal Rule of Civil Procedure 8(a) requires that a plaintiff's complaint "must contain" "a short and plain statement of the grounds for the court's jurisdiction"; "a short and plain statement of the claim showing that the pleader is entitled to relief; and a demand for the relief sought, which may include relief in the alternative or different types of relief." FED. R. CIV. P. 8(a).
>
> In this regard, the Court notifies Plaintiff that, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, but a plaintiff must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Further, a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*
>
> Instead, to survive dismissal, a plaintiff must "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that a plaintiff contends entitle him or her to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)).
>
> And, because Plaintiff appears to be asserting a claim of employment discrimination, the Court further advises him that the prima facie elements of such a claim are that he
>
>> (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was

> replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.
>
> *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).
>
> Regarding employment discrimination claims, the United States Court of Appeals for the Fifth Circuit has cautioned that a plaintiff need not make a showing of each prong of the prima facie test at the pleading stage. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-12 (2002)). "*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." *Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ("Although [the plaintiff] did not have to submit evidence to establish a prima facie case of discrimination at [the motion to dismiss] stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." (citations omitted))).
>
> The initial question for the Court, then, is whether Plaintiff has provided sufficient facts to allege that he suffered employment discrimination. *See Swierkiewicz,* 534 U.S. at 512-13. And, if he "has not pled such facts," it is "proper[ to] dismiss[ his] complaint." *Meadows*, 731 F. App'x at 318.
>
> To remedy the current pleading deficiencies, attached to this order is a form complaint for employment discrimination, which the Court ORDERS Plaintiff to complete – keeping in mind the standards set out above – and return to the Court no later than **April 22, 2019**.

Dkt. No. 7.

Mr. Flowers filed an amended complaint on the court-provided form by the extended deadline. *See* Dkt. No. 13. The amended complaint lacks factual allegations but indicates that Mr. Flowers is bringing a Title VII discrimination claim based on race and disability (failure to hire, termination of employment, unequal terms and conditions of employment, racist remarks and actions). *See id.* at 3-4.

Mr. Flowers also filed a document that the undersigned construes as a supplement to his amended complaint. *See* Dkt. No. 14. Through that filing he alleges,

"Refuse to hire, yelled in a physically threatening manner while approaching me." *Id.* at 1. He further explains that he was forced to endure racist slurs from individuals named Steve and Bob "while on medication with both of my hands hurt and one hand was stitched up." *Id.* at 2. "It continued everyday until working with Steve and Bob became a hostile environment where they would get out [their] chairs and walk to the desk yelling at me jumping in my face, saying we don't have to pay you, and would not hire me while Bob was yelling get out and leave physical threatening manner almost being killed on the job. They would talk in code and crack jokes about it while talking in racist codes in front of me." *Id.* The supplement to the amended complaint also includes an EEOC charge related to disability discrimination. *See id.* at 3-4.

## Legal Standards

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if, for example, it fails to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ___, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346.

Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a

plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that she contends entitle her to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)); *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (a court need "not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions" (citations omitted)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

"Ordinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would

include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

## Analysis

For the reasons explained below, Mr. Flowers fails to plausibly allege facts to support an employment discrimination claim. And, because he filed an amended complaint in response to a court order notifying him that the factual allegations in his original complaint were insufficient – an order that further apprised him of the applicable pleading standards – Mr. Flowers has now stated his best case, which necessitates dismissal of his claims with prejudice.

First, even though Mr. Flowers states that two individuals named Steve and Bob – both of whom are not identified as, for example, fellow employees, supervisors, or even customers – used racist slurs in front of him, that alone does not amount to a direct case of discrimination. "To serve as direct evidence of an employer's discriminatory intent, a workplace comment must be 'direct and unambiguous, allowing a reasonable jury to conclude without any inferences or presumptions that [race] was an impermissible factor in the decision to terminate the employee.'" *Vital v. Nat'l Oilwell Varco*, Civ. A. No. H-12-1357, 2014 WL 4983485, at *18 (S.D. Tex. Sept. 30, 2014) (quoting *EEOC v. Tex. Instruments Inc.*, 100 F.3d 1173, 1181 (5th Cir. 1996); *see also Jones v. Overnite Transp. Co.*, 212 F. App'x 268, 273 (5th Cir. 2006) (per curiam) ("Jones allegedly overheard Henson state that he wanted to 'get rid of all the

blacks' and 'fire a bunch of niggers.' Henson also allegedly requested a staffing agency to send white drivers instead of black drivers. Both comments and the request reveal a discriminatory motive on their face but lack the indicia of specificity and causation required to be direct evidence of race discrimination. The existence of racial animus scarcely appears in the form of statements that explicitly express an unlawful discriminatory intent. On such rare occasion, however, the plaintiff has brought forth evidence that clearly demonstrates an employer's discriminatory motive for its adverse employment action without any additional inferences or presumptions required by the court." (citing *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1048 (5th Cir. 1996))).

Proving his employment claims will therefore depend on the burden-shifting framework established by the United States Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), under which a plaintiff must first show a prima facie case of discrimination or retaliation before the case may proceed. *See McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Four elements are required to assert a claim – or prima facie case – of discrimination under Title VII:

> [A plaintiff] (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy*, 492 F.3d at 556 (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir. 2005)).

Regarding employment discrimination claims, the United States Court of Appeals for the Fifth Circuit has cautioned that a plaintiff need not make a showing

of each prong of the prima facie test at the pleading stage. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013) (citing *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 510-12 (2002)). "*Raj*, however, does not exempt a plaintiff from alleging facts sufficient to establish the elements of her claims." *Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (citing *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (per curiam) ("Although [the plaintiff] did not have to submit evidence to establish a prima facie case of discrimination at [the motion to dismiss] stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." (citations omitted))).

The question for the Court now, then, is simply whether, after being allowed leave to amend his complaint, Mr. Flowers has provided sufficient facts to allege that he suffered discrimination in violation of Title VII. *See Swierkiewicz,* 534 U.S. at 512-13. And, if he "has not pled such facts," it is "proper[ to] dismiss[ his] complaint." *Meadows*, 731 F. App'x at 318.

Mr. Flowers has not alleged sufficient facts to support a claim that he was terminated, not hired, or otherwise treated unfairly in the workplace *because of* race or some other protected classification. "Title VII does not protect opposition to all forms of unscrupulous conduct." *Brown v. United Parcel Serv., Inc.*, 406 F. App'x 837, 840 (5th Cir. 2010) (per curiam) (citation omitted). Nor does it "set forth 'a general civility code for the American workplace.'" *Stewart v. Miss. Transp. Comm'n*, 586 F.3d 321, 332 (5th Cir. 2009) (quoting *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006) (quoting, in turn, *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 80

(1998))). Instead, Title VII prohibits discrimination based on "race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). And Mr. Flowers has failed to offer facts to support each element necessary to sustain a claim that he suffered discrimination based on any of these attributes.

Further, to the extent that Mr. Flowers alleges a claim of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* (the "ADA"), *see, e.g.,* Dkt. No. 14 at 3, "[a] *prima facie* case under the ADA requires: (1) that the plaintiff has a disability; (2) that he was qualified for the job; and (3) that the employer's adverse employment decision was a result of his disability." *Diggs v. Burlington N. & Santa Fe Ry. Co.*, 742 F. App'x 1, 3 (5th Cir. 2018) (per curiam) (citation omitted). And, at a minimum, Mr. Flowers fails to provide facts to plausibly allege that any disability he may have is covered by the ADA. *See* 42 U.S.C. § 12102(1) (defining "disability" as: "(A) a physical or mental impairment that substantially limits one or more major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment"); 29 C.F.R. § 1630.2(j)(1)(ii) ("An impairment is a disability within the meaning of this section if it substantially limits the ability of an individual to perform a major life activity as compared to most people in the general population. An impairment need not prevent, or significantly or severely restrict, the individual from performing a major life activity in order to be considered substantially limiting. Nonetheless, not every impairment will constitute a disability within the meaning of this section."); *Marecheau v. Equal Emp't Practices Comm'n*, No. 13-CV-2440 (VEC), 2014 WL 5026142, at *6 (S.D.N.Y. Sept. 30, 2014) ("Not every

illness, condition or impairment constitutes a disability within the meaning of the ADA." (citing Section 1630.2(j)(1)(ii))).

## Recommendation

The Court should dismiss this action with prejudice.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: April 29, 2019

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE